```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
   TRUSTEES of the GENERAL BUILDING            :
   LABORERS' LOCAL 66 PENSION FUND,            :
                                               :
                                  Plaintiffs,  :       No.: _____
                                               :
             - against -                       :
                                               :
   TRIPLE H CONCRETE CORP.; XYZ                :
   CORPORATIONS 1-10; and JOHN AND JANE        :
   DOES 1-10,                                  :
                                  Defendants.  :
-----------------------------------------------------------------X
```

# COMPLAINT

Plaintiffs, the Trustees (the "Trustees") of the General Building Laborers' Local 66 Pension Fund (the "Fund"), by and through their undersigned counsel, bring this action against Defendants Triple H Concrete Corp. ("Triple H"), fictitious entities XYZ Corporations 1-10, and fictitious individuals John and Jane Does 1-10, and allege as follows:

## I. INTRODUCTION

1. This is an action under the Employee Retirement Income Security Act of 1974, as amended ("ERISA") to recover statutorily prescribed withdrawal liability arising out of the cessation of Triple H's obligation to contribute to the Fund as of July 1, 2018.

2. Pursuant to ERISA § 4301, 29 U.S.C. § 1451, the Trustees, on behalf of the Fund, seek to recover Triple H's allocated share of the Fund's unfunded vested benefits, liquidated damages, interest, and attorneys' fees and costs.

## II. JURISDICTION AND VENUE

3. This Court has personal jurisdiction over the Defendants because Triple H, and upon information and belief, XYZ Corporations 1-10 and John and Jane Does 1-10, reside and do business in the State of New York.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the Trustees are fiduciaries of the Fund who seek relief pursuant to ERISA § 4301, 29 U.S.C. § 1451.

5. Venue is proper in the Eastern District of New York pursuant to ERISA § 4301(d), 29 U.S.C. § 1451(d), because the Fund is administered in this District.

### III. PARTIES

6. The Fund is an employee benefit plan within the meaning of ERISA §§ 3(1) to (3) and 502(d)(1), 29 U.S.C. §§ 1002(1) to (3) and 1132(d)(1), and a multi-employer plan within the meaning of ERISA §§ 3(37) and 515, 29 U.S.C. §§ 1002(37) and 1145.  The Fund is administered from 1600 Walt Whitman Road, P.O. Box 667, Melville, New York 11747-0667.

7. Plaintiffs are the Trustees of the Fund, and bring this action in their capacities as fiduciaries pursuant to ERISA §§ 3(21) and 4301(a)(1), 29 U.S.C. §§ 1002(21) and 1451(a)(1).

8. Defendant Triple H is a for-profit domestic corporation having its principal place of business at 2375 Raynor Street, Ronkonkoma, New York 11779.

9. Defendants XYZ Corporations 1-10 are fictitious entities whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were trades or businesses under common control with Triple H within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

10. Defendants John and Jane Does 1-10 are fictitious individuals whose identities are not currently known to the Plaintiffs, but who, upon information and belief, were sole proprietorships under common control with Triple H within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

## COUNT I

### Withdrawal Liability Owed by Triple H to the Fund
### Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

11. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

12. Triple H was party to a collective bargaining agreement (the "CBA") with the General Building Laborers' Local 66, with respect to which the Fund is a third-party beneficiary. Pursuant to the CBA, Triple H was required to remit contributions to the Fund on behalf of those employees covered by the CBA.

13. The CBA expired as of June 30, 2018, resulting in the cessation of Triple H's obligation to contribute to the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a).

14. In accordance with ERISA § 4219(b)(1) and (c)(1), 29 U.S.C. § 1399(b)(1) and (c)(1), by certified letter dated July 19, 2018, a true and correct copy of which is attached as **Exhibit A**, the Fund notified Triple H that it had effectuated a complete withdrawal from the Fund within the meaning of ERISA § 4203(a), 29 U.S.C. § 1383(a) as of July 1, 2018, and that its allocated share of the unfunded vested liabilities of the Fund was $593,725, which amount was payable in 87 monthly installments of $8,499.84, plus a final monthly installment of $1,938.41, commencing on or before September 17, 2018.

15. After having not received the demanded payment, in accordance with ERISA § 4219(c)(2) to (6), 29 U.S.C. § 1399(c)(2) to (6), by certified letter dated December 17, 2018, a true and correct copy of which is attached as **Exhibit B**, the Fund notified Triple H that it was in default of its obligation to pay withdrawal liability, and offered it an opportunity to cure the default within sixty (60) days. The letter also notified Triple H that if it failed to timely cure the default, the Fund would elect to accelerate Triple H's withdrawal liability and to assess interest on the total outstanding liability.

16. After having not received the demanded payment within sixty (60) days, by certified letter dated February 19, 2019, a true and correct copy of which is attached as **Exhibit C**, the Fund notified Triple H that it had failed to cure its default, and that the entire amount of its withdrawal liability, along with accrued interest, which amount totaled $594,605.26, was immediately due and owing.

17. Triple H has failed to remit any amounts in satisfaction of the withdrawal liability assessed by the Fund and has failed to request a review or initiate arbitration within the timeframes set forth in ERISA § 4221(a), 29 U.S.C. § 1401(a).

18. Because Triple H has failed to initiate arbitration proceedings in accordance with the statute, pursuant to ERISA § 4221(b)(1), 29 U.S.C. § 1401(b)(1), it is liable to pay the accelerated amount of its withdrawal liability.

19. Plaintiffs demand judgment against Triple H for $593,725 for its allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

## COUNT II

### Controlled Group Liability Owed by XYZ Corporations 1-10 to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

20. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

21. As of July 1, 2018, fictitious entities XYZ Corporations 1-10 were trades or businesses under common control with Triple H within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

22. As such, XYZ Corporations 1-10 are jointly and severally liable with Triple H for the withdrawal liability resulting from Triple H's complete withdrawal from the Fund.

23. Plaintiffs demand judgment against XYZ Corporations 1-10 for $593,725 for Triple H's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

### COUNT III

### Controlled Group Liability Owed by John and Jane Does 1-10 to the Fund Pursuant to ERISA § 4301(a)(1), 29 U.S.C. § 1451(a)(1)

24. Plaintiffs repeat and reallege the foregoing allegations as if fully set forth herein.

25. As of July 1, 2018, fictitious individuals John and Jane Does 1-10 were sole proprietorships under common control with Triple H within the meaning of ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1).

26. As such, John and Jane Does 1-10 are jointly and severally liable with Triple H for the withdrawal liability resulting from Triple H's complete withdrawal from the Fund.

27. Plaintiffs demand judgment against John and Jane Does 1-10 for $593,725 for Triple H's allocated share of the unfunded vested liabilities of the Fund, as well as liquidated damages, interest, attorneys' fees, costs, and all other relief that the Court may deem just and appropriate.

| | |
|---|---|
| Dated: March 1, 2019<br>Newark, New Jersey | **PROSKAUER ROSE LLP**<br><br>By:      */s/ Neil V. Shah*<br>            Neil V. Shah<br><br>One Newark Center<br>1085 Raymond Boulevard<br>Newark, New Jersey 07102<br>(973) 274-3205<br>nshah@proskauer.com |

Anthony S. Cacace
Eleven Times Square
New York, NY 10036
(212) 969-3307
acacace@proskauer.com

*Counsel for the Plaintiffs*